Green, J.
delivered the opinion of the court.
From the bill of exceptions in this case, it appears that Lay purchased a horse from Charlton, and paid him therefor; but shortly afterwards ascertained that the horse had belonged to one Cooly, who had conveyed him by deed of trust to Estis, for the security of a debt to Robert White; and that after the horse was so conveyed by Cooly, he sold him to Charlton, who sold him to Lay. Lay became satisfied that he had no title to the horse, and gave him up to the trustee in said deed, and brought this action for money had and received, to recover bach the price he had paid Charlton. A verdict and judgment were rendered in the court below, and Charlton appealed to this court.
1st. It is insisted, that as Lay tranferred an execution on another person to Charlton, in payment for the horse, which execution had been previously levied on property of value sufficient to satisfy it, Charlton received no consideration from Lay, and, therefore, nothing can be recovered in this action.
To this it may be answered, that Charlton actually collected the money on the execution transferred to him by Lay, without any objection having been made'1 by the defendant in that execution, and he cannot now object, that the collection of the money by him, might have been successfully resisted. The defendant in the execution, alone could have insisted on the virtual satisfaction by reason of a previous levy. But it appears by the endorsement on the execution, that the levy was released by the plaintiff, and the property which had been levied on, remained in the possession of the defendant in the execution, so that he could not have set up the defence, that the said levy was a satisfaction.
2d. It is next insisted, that Charlton had a good title to the horse, because the deed of trust was fraudulent and void. The deed of trust, after enumerating several articles of property, adds, “and all other personal property, of which I am possessed, which is properly the subject of a deed of trust.” It is in proof, that Cooly had some corn and fodder. This it is insisted, was included in the deed of trust, by virtue of this general *498 clause, and being consumable in the use, it makes the deed void by the statute of frauds.
It is true, if a deed of trust contain articles consumable in the use, and there be a provision, that the party making the deed shall remain in possession of and use said articles, the deed would on its face contain a reservation for the benefit of the grantor, calculated to hinder and delay creditors, and would, therefore, be fraudulent and void. But this deed contains no such stipulation, and, therefore, it is not void, for anything contained in the deed. Whether the parties so treated the properT ty conveyed, as to furnish evidence that the deed was fraudulent in fact, was a question for the jury to decide from the evidence, and we think they have decided correctly, that the deed was bona fide and valid.
3d. It is insisted, that there is no implied warranty of title in the sale of a chattel. This court has decided at the present term, in the case of Gookin vs. Graham and others, and the case of Trigg vs. Taris, that there is such implied warranty.
4th. It is insisted, that Lay cannot recover in this action, because there was a part performance of the contract, as he received the possession of the horse, and used him a short time.
It is true, that if a part of. the consideration for a contract be received, an action for money had and received, will not lie to recover back the money paid upon such contract. In order to maintain such action, there must be a total failure of consideration. Chitty on Contracts, 488. But here there was a total failure. The horse was delivered it is true, but he belonged to another person, and the purchaser had a right of action the next moment. If he retained possession a few weeks, he retained it for the true owner. The cases to which the principle relied on applies, are such as the following: If A buy of B 100 bushels of corn, and pay the price agreed on, and B delivers ten bushels, and fails to deliver the remaining ninety, here an action for money had and received cannot be maintained to recover back the money paid, because a part of the consideration has been received. In that case, the party must resort to his special action.
There is no error in this record, and we affirm the judgment.